FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 9 2022

TAMMY H. DOWNS, CLERK
By: _____
              DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

YANILA TURNER

PLAINTIFF

vs.  Case No. 4:22-cv-117-BSM

ARKANSAS DEPARTMENT OF HUMAN
SERVICES AND CINDY GILLESPIE, in her
Capacity as the Director of the Arkansas
Department of Human Services

DEFENDANTS

## COMPLAINT

COMES Yanila Turner for her claims against the Arkansas Department of Human Services ("Department") and Cindy Gillespie ("Gillespie"), in her capacity as the Director of the Arkansas Department of Human Services, and for cause therefore would show the Honorable Court as follows:

This case assigned to District Judge Miller
and to Magistrate Judge Ray

### PARTIES

1. Plaintiff, Yanila Turner, is a resident of Mississippi County, Arkansas.

2. Defendant Arkansas Department of Human Services is a governmental entity of the State of Arkansas. The Department is charged with responsibility for administering the Medicaid program within the State of Arkansas.

3. Defendant Cindy Gillespie is a citizen and resident of Arkansas. Ms. Gillespie is the Director of the Arkansas Department of Human Services.

### JURISDICTION AND VENUE

4. This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims herein for declaratory and injunctive relief involving the assertion of rights under the laws of the United States, specifically 42 U.S.C. § 1396p, 42 U.S.C. § 1396k, 42 U.S.C. § 1396a, 42 U.S.C. § 1983, and the United States Supreme Court's decisions in *Arkansas Department of Health and Human Services, et. al. v. Ahlborn*, 547 U.S. 268 (2006), and *Wos v. E.M.A. ex rel Johnson*, 133 S. Ct. 1391 (2013).

6. Venue in this Court is proper under 28 U.S.C. § 1391 because all Defendants reside within the Eastern District of Arkansas.

## FACTS

7. That on December 19, 2017, Plaintiff Yanila Turner gave birth to a deceased son, Tavyn Smith. Defendant Anthony Daniels M.D., provided prenatal care and was the delivering physician. The delivery took place at Great River Medical Center.

8. That in the course of delivery, the electronic fetal heart monitor tracing showed signs of fetal distress. Despite the evidence of fetal distress, steps were not taken to appropriately deliver the child in an expeditious manner. The fetal heart rate was not appropriately monitored throughout the course of the delivery and the Plaintiff's son was delivered dead.

9. That defendant Anthony Daniels, M.D., failed to appropriately and adequately monitor Plaintiff Yanila Turner and her unborn child, failed to timely and properly interpret the electronic fetal heart monitoring and failed to take the appropriate steps to timely and properly deliver the Plaintiff's son. As a result, the Plaintiff experienced excessive bleeding such that she required 4 units of packed red blood cells and two bags of frozen plasma and suffered through the

delivery of a deceased baby.

10. That the actions of defendant, Anthony Daniels, M.D., was a violation of accepted standards of obstetrical care, constituted medical negligence, and proximately resulted in the injuries claimed herein.

11. That also in the course of the delivery one or more nurses who were assisting defendant Anthony Daniels, M.D. failed to provide adequate and proper medical and nursing care in monitoring and interpreting the electronic fetal heart monitor which is beneath the standard of care for obstetrical nurses. The negligence of the nurse(s) was a proximate cause of the injuries claimed herein.

12. Yanila Turner was qualified for medical benefits under the Medicaid program administered within the State of Arkansas by Department. Department claims to have been billed $6,251.05 for the care provided to Plaintiff Yanila Turner for which it asserts a right of repayment.

13. Plaintiff sustained serious permanent personal injuries as a result of the above-described occurrences. The above-described events formed the basis of the action styled *Yanila Turner, Individually and as Parent and Next Friend of Tavyn Smith, a minor vs. Anthony Daniels, M.D., and MAG Mutual Insurance Company,* Mississippi County Circuit Court, Docket No. 47BCV-2019-150. In June 2021, Plaintiff reached a settlement with all defendants in the matter for confidential amounts as to each. The Plaintiff's injuries greatly exceed the amount of the compromised settlements. The sums to be paid upon consummation of the settlement agreement constitute, in return for a full and complete release, a complete settlement of all claims of any nature, whether past or future, arising of the injuries in this occurrence.

**COUNT I – DECLARATORY JUDGMENT**

14. The allegations contained in paragraphs 1 through 13 are incorporated as if fully restated herein.

15. Defendants Department and Gillespie, in her official capacity, have, pursuant to Arkansas Code Ann. § 20-77-301, *et seq.*, asserted a claim, right of repayment, subrogation, or lien in the amount of $6,251.05 against the funds Plaintiff is to receive pursuant to the confidential settlement agreement to the underlying action. Plaintiff's attorneys will hold in a trust account, the full sum of $6,251.05 pending resolution of the claims and request for relief asserted herein.

16. The above-described funds to be held by Plaintiff's attorneys in trust for Plaintiff's benefit constitute Plaintiff's property as to which Defendants assert a lien or claim for payment.

17. As a result of the medical negligence further described above, Plaintiff suffered severe personal injuries, including significant emotional distress and, as to the parent, the loss of the companionship, society, and services of her son. Plaintiff's damages as a result of these **injuries exceeded by many fold the total sum realized from all sources.** Plaintiffs' right to compensation for each of these elements of damages recognized under Arkansas law constitute separate property interests of the Plaintiff.

18. Federal law, including the United States Supreme Court decision in *Arkansas DHS v. Ahlborn*, 547 U.S. 268 (2006), establishes that the right to recovery purportedly conferred by Arkansas Code § 20-77-301 *et seq.* no more than the right to recover the portion of the settlement or judgment that represents the payment for past medical expenses. The United States Supreme Court has held that with respect to recovery based on payments made on behalf of a Medicaid beneficiary, "a State may not demand any portion of a beneficiary's tort recovery except the share that is attributable to medical expenses." *Wos*, 133 S.Ct. at 1399.

19. There exists a genuine controversy between Plaintiff and Defendants as to the extent of Defendants' right of repayment from property owned by Plaintiff and the extent to which Arkansas Code Ann § 20-77-301 *et. seq.*, as applied to Plaintiff's property as described herein above, is pre-empted by 42 U.S.C. §1396p and whether Defendants' assertion of a lien against Plaintiff's property, under color of state law, deprives Plaintiff of a right under 42 U.S.C. §1983.

20. Plaintiff, therefore, requests declaratory relief pursuant to 28 U.S.C. §2201 that, pursuant to *Arkansas Department of Health and Human Services et al v. Ahlborn*, 547 U.S. 268 (2006), and *Wos v. E.M.A. ex rel Johnson*, 133 S.Ct. 1391 (2013), and for the Court to determine the extent, if any, to which the settlement proceeds are attributable to past medical expenses furnished by the Department, and that the Court further adjudicates and declares by way of a declaratory judgment that the lien or right of recovery of the Department is limited to that portion of the settlement adjudicated to be attributable to the past medical expenses.

## COUNT II – INJUNCTIVE RELIEF

21. The allegations contained in the preceding paragraphs are incorporated as if fully restated herein.

22. Defendants, Department and Gillespie, in her official capacity have, pursuant to Ark. Code Ann. § 20-77-301 *et seq.* asserted a claim or lien in the amount of $6,251.05 against the funds Plaintiff is to receive as a result of the above-described settlement. Plaintiff's attorneys are holding in a trust account the sum of $6,251.05 pending resolution of the claims and request for relief asserted herein.

23. The above-described funds to be held by Plaintiff's attorneys for Plaintiff's benefit constitute Plaintiff's property as to which Defendants assert a lien or claim for payment.

24. As a result of the medical negligence further described above, Plaintiff suffered

severe personal injuries, including significant emotional distress and, as to the parent, the loss of the companionship, society, and services of her son. Plaintiff's damages as a result of these **injuries exceeded by many fold the total sum realized from all sources.** Plaintiff's right to compensation for each of these elements of damages recognized under Arkansas law constitute separate property interests of the Plaintiff.

25. Federal law, including the United States Supreme Court decision in *Arkansas DHS v. Ahlborn*, 547 U.S. 268 (2006), establishes that the right to recovery purportedly conferred by Arkansas Code § 20-77-301 *et seq.* confers no more than the right to recover the portion of the settlement or judgment that represents the payment for past medical expenses.  The United States Supreme Court has held that with respect to recovery based on payments made on behalf of a Medicaid beneficiary, "a State may not demand any portion of a beneficiary's tort recovery except the share that is attributable to medical expenses." *Wos*, 133 S.Ct. at 1399.

26. Plaintiff requests that Department and Gillespie be permanently enjoined from seeking to impose a lien pursuant to Arkansas Code Ann § 20-77-301 *et seq.* and be permanently enjoined from instituting any action pursuant Arkansas Code Ann § 20-77-301 *et seq.* beyond seeking recovery of that portion of Plaintiffs' settlement adjudicated herein to be that attributable for Plaintiffs' past medical expenses furnished by Department.

### PRAYER

**WHEREFORE,** Plaintiff demands declaratory and injunctive relief against Defendants and each of them as herein above set forth and that Plaintiff be granted such other and further relief to which she may be justly entitled.

Respectfully submitted,

By: _____
,GEORGE R. WISE, JR., ABN 78171
The Brad Hendricks Law Firm
500 C. Pleasant Valley Drive
Little Rock, AR 72227
501-221-0444
501-219-0608 (fax)
gwise@bradhendricks.com

ATTORNEY FOR PLAINTIFF